UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| AMELIA PULLEY<br>SHELTON T PULLEY, JR.<br>　　　　Debtor(s), | CASE No: 09-38057-KRH<br>Chapter 13 |
| CITIFINANCIAL, INC.<br>　　　　Movant,<br>　v.<br><br>AMELIA PULLEY<br>SHELTON T PULLEY, JR., CARL M. BATES,　　Trustee,<br>　　　　Respondents. | |

**CONSENT ORDER MODIFYING AUTOMATIC STAY**

This matter was before the court on August 3, 2010, on the motion of CitiFinancial, Inc, for relief from the automatic stay with respect to the real property located at 4859 Powhatan Lakes Rd, Powhatan, VA 23139, and is more particularly described as follows:

> THE FOLLOWING DESCRIBED PROPERTY: ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND TOGETHER WITH ALL IMPROVEMENTS THEREON AND APPURTENANCES THEREUNTO BELONGING, LYING AND BEING IN MACON DISTRICT OF POWHATAN COUNTY VIRGINIA CONTAINING 2.000 ACRES AND DESIGNATED AS PARCEL 1 B ON PLATOF SURVEY PREPARED BY EDMUND C BURRUSS, BURRUSS LAND AND SURVEY COMPANY, DATED APRIL 1, 1996, AND RECOREDED OCTOBER 16, 1996, IN DEED BOOK 324, PAGE 807 IN THE CLERKS OFFICE, CIRCUIT COURT THE FOLLOWING DESCRIBED PROPERTY:
>
> ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND TOGETHER WITH ALL IMPROVEMENTS THEREON AND APPURTENANCES THEREUNTO BELONGING, LYING AND BEING IN MACON DISTRICT OF POWHATAN COUNTY VIRGINIA CONTAINING 2.000 ACRES AND DESIGNATED AS PARCEL 1 B ON PLATOF SURVEY PREPARED BY EDMUND C BURRUSS, BURRUSS LAND AND SURVEY COMPANY, DATED APRIL 1, 1996, AND RECOREDED OCTOBER 16 1996, IN DEED BOOK 324, PAGE 807 IN THE CLERKS OFFICE, CIRCUIT COURT POWHATAN COUNTY, VIRGINA.
> BEING THE SAME PROPERTY CONVEYED BY FEE SIMPLE DEED FROM JACK B. GIFFORD SINGLE TO SHELTON T PULLEY, JR SINGLE, DATED 02/25/1997 RECORDED ON 03/12/1997 IN BOOK 331, PAGE 896 IN POWHATAN COUNTY RECORDS, COMMONWEALTH OF VA.

Upon consideration of which it is

**ORDERED:**

1.  The debtor will resume making regular monthly installment payments in the amount of $1,139.60 as they become due commencing on August 15, 2010. Late payments will include applicable late charges in the amount of $0.

2.  The debtor will cure the post-petition arrearage currently due to the movant from April 15, 2010 through July 15, 2010 in the total amount of $4,118.40, which includes late charges, filing fees of $150.00, and attorney's fees of $550.00, by making the following payments:

    a.  $686.40 on or before August 1, 2010.
    b.  $686.40 on or before September 1, 2010.
    c.  $686.40 on or before October 1, 2010.
    d   $686.40 on or before November 1, 2010.
    e.  $686.40 on or before December 1, 2010.
    f.  $686.40 on or before January 1, 2011.

3.  In the event that any payment required by this order is not received by the movant within 15 days after it is due, the movant may mail a notice of default to the debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the debtor. The notice of default will state in simple and plain language:

    a.  That the debtor is in default in making at least one required under this order;
    b.  The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
    c.  The action necessary to cure the default, including any address to which payments must be mailed;
    d.  That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:
        i.   cure the default;
        ii.  file an objection with the court stating that no default exists; or
        iii. file an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered.
    e.  That if the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the debtor; and

    f.    That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may submit a certificate stating that it has complied with the terms of the order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the debtor or trustee files an objection, the movant must set the matter for hearing and give notice of the hearing to the debtor, debtor's counsel and the the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4.    The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5.    Until an order is entered terminating the automatic stay, the movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6.    The automatic stay is modified to permit the noteholder or servicing agent to send the debtor payment coupons, payment statements, or invoices, notices of late payment changes, notices of servicing transfers, or any other notices, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7.    Should the debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, the movant shall be entitled to reasonable attorney's fees in the amount of $50 for issuance of a notice of default, and an additional $100 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

DONE at Richmond, Virginia, this _____ day of _____, 20___

                                                                                              _____

                                            Judge
                                            United States Bankruptcy Judge

I ASK FOR THIS:

*/s/ Angela Watson*
Kevin R. Hildebeidel, Esq.  VSB: #35645
Angela Watson, Esq.  VSB: #72029
Morris | Hardwick | Schneider PLLC
9324 West Street  Suite 201
Manassas, Virginia  20110
Ph:    703-330-3265
Fax:   703-330-8315
Email: anwatson@closingsource.net
Attorney for Movant


SEEN AND AGREED:

*/s/ Linda D. Jennings*
Linda D. Jennings
2807 N. Parham Rd, Suite 107
Richmond, VA 23294
(804) 334-6567
Attorney for Debtor


SEEN:

*/s/ Carl M. Bates*
Carl M. Bates
P.O. Box 1819
Richmond, VA 23218
Chapter 13 Trustee


## CERTIFICATION

    The undersigned certifies, that the foregoing Consent Order Modifying Automatic Stay is identical to the form order required by Administrative Order 10-2 and that no modification, addition, or deletion has been made.

                                          */s/ Angela Watson*
                                          Attorney for Movant


## CERTIFICATION

   The undersigned certifies, pursuant to Rule 9022-1(e) that all necessary parties have endorsed the foregoing Order and that the Order is ready for entry.

                 _/s/ Angela Watson_
                  Attorney for Movant

Will the clerk please send copies of this Order in electronic format to all parties who are listed on the ECF system and to:

Amelia Pulley
Shelton T Pulley, Jr.
4859 Powhatan Lakes Rd
Powhatan, VA 23139